IN THE COMMONWEALTH COURT OF PENNSYLVANIA

County of Allegheny                                      :
                                                        :
              v.                                        :    No. 390 C.D. 2020
                                                        :    Submitted: July 2, 2021
Greater Northern Capital Investment                     :
Group, Department of Court Records,                     :
Current Occupant/Tenant,                                :
Commonwealth of Pennsylvania,                           :
Municipality of Penn Hills, Penn Hills                  :
School District, Alcosan, Oakmont                       :
Water, Wilkinsburg-Penn Joint, SCW                      :
Investments, Inc., South Allegheny                      :
School District, Rayco Saunders                         :
                                                        :
Appeal of:  Rayco Saunders                              :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, Judge[1]
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE LEAVITT                                        FILED: March 31, 2022

        Rayco Saunders, *pro se*, appeals an order of the Court of Common Pleas
of Allegheny County (trial court) that exposed property he owned to a tax sale for
unpaid property taxes.  Pursuant to the trial court's order entered under the Municipal
Claims and Tax Liens Act (Act),[2] the County of Allegheny (County) sold Saunders'
property.   On appeal, Saunders contends the trial court erred by exposing his
property to a tax sale because, in doing so, it committed several errors, including a
violation of Saunders' due process rights.  Upon review, we affirm.

---

[1] This matter was assigned to the panel before January 3, 2022, when President Judge Emerita
Leavitt became a senior judge on the Court.

[2] Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§7101-7455.

At issue is real property located at 10214 Frankstown Road, Pittsburgh, Pennsylvania (Property).  On February 13, 2017, Penn Hills School District and the Municipality of Penn Hills (collectively, Penn Hills) filed a writ of *scire facias* to reduce to judgment delinquent school district and municipal taxes owed on the Property for tax years 2006-2015.  Saunders was named in the matter as an owner and defendant, but he disputed owing any taxes on the Property.  After argument, on March 19, 2018, the trial court entered judgment in favor of Penn Hills in the amount of $32,381.90, plus attorney fees.  Saunders appealed the judgment to this Court.

While Saunders' appeal was pending,[3] the County filed a writ of *scire facias* on September 19, 2017, to reduce to judgment delinquent County taxes owed on the Property for tax years 2014 and 2016 by the record owner, Greater Northern Capital Investment Group.[4]  On May 8, 2019, after learning of Saunders' quiet title action, the County served Saunders, adding him as a respondent to its action.  On July 25, 2019, the trial court issued an order directing the respondents, including Greater Northern Capital Investment Group and Saunders, to show cause why the Property should not be sold at a sheriff's sale.  Saunders did not file an affidavit of defense but, instead, filed two motions.[5]

Specifically, Saunders filed a motion to open or strike judgment, arguing that the County's claims were barred by the doctrine of *res judicata* due to the pendency of the *Penn Hills* matter; that he was not provided sufficient notice

---

[3] In *Penn Hills School District and Municipality of Penn Hills v. Saunders* (Pa. Cmwlth., No. 449 C.D. 2019, filed February 18, 2020), this Court affirmed the trial court's order entering judgment in favor of Penn Hills.

[4] By order of this Court entered on June 30, 2021, Greater Northern Capital Investment Group was precluded from participating in this matter.

[5] These motions appeared on the docket incorrectly as being filed by Greater Northern Capital Investment Group.

before the Property was listed for sale, in violation of due process; and the County waited too long to pursue its claims thereby precluding the attachment of a lien to the Property. Saunders also filed a motion for declaratory judgment and for the judge's recusal. The trial court did not rule on these motions. Instead, on September 25, 2019, the trial court ordered the Property to be exposed to a sheriff's sale.

On October 4, 2019, Saunders filed a notice of intervention, asserting that he was the owner of the Property and that his interest was not represented by Greater Northern Capital Investment Group. In his intervention notice, Saunders alleged that he purchased the Property on December 17, 2014, a few months before Greater Northern Capital Investment Group's purchase on July 25, 2015. In February 2015, Saunders appeared at the Allegheny County Recorder of Deeds Office to record his deed but was unable to do so.[6] On January 11, 2016, Saunders filed a quiet title action and was awarded the deed and title to the Property. The trial court did not act on Saunders' notice of intervention. However, on October 7, 2019, and November 4, 2019, the County requested a postponement of the date of the sheriff's sale, which was granted. On December 5, 2019, the trial court issued a second rule to show cause why the Property should not be sold at a sheriff's sale.

On January 27, 2020, the County and Saunders appeared before the trial court for argument on the rule to show cause. During argument, Saunders admitted that his deed to the Property had not been recorded and that he had not paid the County taxes owed on the Property. Saunders did not offer evidence to show that these taxes had been paid by another person. Concluding that the County taxes were

_____

[6] Saunders states that, on or about February 20, 2015, he presented the deed and a power of attorney from "LIFE MENDER LLC[], [] Director and Beneficiary of my legal person/corporation" to the Allegheny County Recorder of Deeds Office but was "erroneously told" that he could not "transfer real property" using a power of attorney. Saunders' Notice of Intervention, 10/4/2019, ¶2; Original Record, No. 19, at 2.

owed for tax years 2014 and 2016, the trial court entered an order exposing the Property to sale at the next sheriff's sale. Trial Court Order, 1/27/2020; Reproduced Record at 61b-63b[7] (R.R. __). On February 3, 2020, the Property was sold to a third-party purchaser.

On March 3, 2020, the sheriff's deed to the Property was acknowledged by the Allegheny County Department of Real Estate. Saunders appealed to this Court, and the trial court ordered Saunders to file a statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).[8] He did so, raising 15 assignments of error, which were each addressed in the trial court's Rule 1925(a)(1)[9] opinion.

In that opinion, the trial court concluded that Saunders received all the process to which he was due and did not overcome the *prima facie* case presented

---

[7] Saunders' Reproduced Record fails to comply with the Pennsylvania Rules of Appellate Procedure. *See* PA. R.A.P. 2173 ("[T]he pages of . . . the reproduced record . . . shall be numbered separately in Arabic figures . . . thus 1, 2, 3, etc., followed in the reproduced record by a small a, thus 1a, 2a, 3a, etc."). For consistency of reference, however, the citations herein are as reflected in the Reproduced Record.

[8] Rule 1925(b) provides, in relevant part:

> If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

PA. R.A.P. 1925(b).

[9] Rule 1925(a)(1) states, in relevant part, as follows:

> [U]pon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall within the period set forth in Pa.R.A.P. 1931(a)(1) file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

PA. R.A.P. 1925(a)(1).

4

by the County that taxes were owed on the Property for the tax years 2014 and 2016. The trial court rejected each of Saunders' 15 contentions.

In sum, the trial court rejected Saunders' argument that the County's tax claims were barred by *res judicata* by reason of the *Penn Hills* proceeding, which involved taxes owed to the municipality of Penn Hills, not taxes owed to the County. Because Saunders was served with the County's action, he had notice, filed responses and participated in argument prior to the entry of the trial court's order, and thus, he was afforded due process. To Saunders' argument that he was entitled to a stay of the tax sale and a jury trial on the rule to show cause, the trial court observed that the docket did not show that Saunders requested a stay and that the Act does not authorize jury trials. Finally, the trial court rejected Saunders' argument that the County waited too long to seek the collection of taxes owed on the Property. Acknowledging that it was possible that Saunders was a "victim of fraud," the trial court explained that the County was not responsible for the fraud. Trial Court Op., 12/28/2020, at 6; R.R. 96b. In any case, because the County's lien for unpaid taxes was enforced against the Property, the change in ownership was irrelevant to the County's tax lien on the Property.

On appeal,[10] Saunders lists ten issues for our consideration that we condense into three issues. First, he contends that the trial court erred in its application of *res judicata* because there was a judgment on the same Property involving the same issue, *i.e.*, enforcement of a tax lien in *Penn Hills*. Second, he contends that due process was violated because the trial court treated him as a

---

[10] We treat this matter as a review of the trial court's order on the sufficiency of an affidavit of defense filed in response to a writ of *scire facias* on the tax claim as Saunders, through his motions, essentially challenged the tax claim. On review, this Court determines whether the trial court "abused its discretion or committed an error of law or whether constitutional rights were violated." *Valley Forge Sewer Authority v. Hipwell*, 121 A.3d 1164, 1167 n.4 (Pa. Cmwlth. 2015).

nominal party when he was the actual owner, and the trial court's clerk "gave a biased view point" favoring the County at argument. Saunders' Brief at 6. Third, he contends that the trial court abused its discretion when it refused to grant his motion to stay the sale of the Property.

The County counters that Saunders has waived all issues on appeal because his brief does not comply with Pennsylvania Rules of Appellate Procedure 2117 and 2119 (setting forth requirements of appellate briefs as to form and content). Specifically, Saunders' brief presents a statement of the case that improperly includes argument (PA. R.A.P. 2117(b)); does not address all 10 statement of questions presented (PA. R.A.P. 2119(a)); does not cite relevant authority (PA. R.A.P. 2119(b)); and does not develop any of the 10 questions in a fashion that allows for meaningful appellate review (PA. R.A.P. 2119(a)). In the alternative, the County asserts that this Court should affirm the trial court's order on the merits.

Saunders' brief falls short of the mark. However, we decline to quash his appeal on that basis. Saunders complied with the trial court's order to file a Rule 1925(b) statement of errors complained of on appeal, which were addressed by the trial court. The trial court's Rule 1925(a)(1) opinion allows for meaningful appellate review. *See generally City of Philadelphia v. Tax Review Board of City of Philadelphia ex rel. Cook* (Pa. Cmwlth., No. 1070 C.D. 2013, filed May 21, 2014), *appeal denied*, 104 A.3d 526 (Pa. 2014) (meaningful appellate review facilitated by Rule 1925(b), because it gives the judge writing an opinion the opportunity to identify and focus only on those issues that the appellant intends to raise on appeal).

Having reviewed the record, the arguments of the parties, and the relevant law, we conclude that Saunders' issues have been ably resolved in the thorough and well-reasoned opinion of the Honorable Cathleen Bubash. Therefore,

6

this Court affirms on the basis of the trial court's opinion in *Allegheny County v. Saunders* (C.C.P. Allegheny Cnty., No. GD-17-012929, filed December 28, 2020).[11]

$$\overline{\hspace{6cm}}$$

MARY HANNAH LEAVITT, President Judge Emerita

---

[11] Saunders has also filed an application for relief seeking declaratory judgment, *i.e.*, the grant of property ownership free of all tax claims, because the trial court denied him due process when it "declined" to accept evidence from him. Application for Relief, 2/16/2021, at 2-3. However, as Saunders notes in his application, "[g]ranting or denying a petition for declaratory judgment is committed to the sound discretion of a court of *original jurisdiction*." *GTECH Corporation v. Department of Revenue*, 965 A.2d 1276, 1285 (Pa. Cmwlth. 2009) (emphasis added). Saunders commenced this matter as an appeal from the trial court, thus, our jurisdiction over this matter is appellate. 42 Pa. C.S. §762. Because this Court does not have original jurisdiction over this matter, we cannot entertain Saunders' application for relief. *Pennsylvania Department of Aging v. Lindberg*, 469 A.2d 1012, 1015-16 (Pa. 1983) (matters which the legislature has placed within this Court's appellate jurisdiction are excluded from its original jurisdiction). Regardless, the trial court addressed Saunders' due process argument in its opinion. We deny Saunders' application for relief.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

County of Allegheny             :
                                           :
         v.                  :    No. 390 C.D. 2020
                                             :

Greater Northern Capital Investment  :
Group, Department of Court Records,  :
Current Occupant/Tenant,           :
Commonwealth of Pennsylvania,     :
Municipality of Penn Hills, Penn Hills :
School District, Alcosan, Oakmont   :
Water, Wilkinsburg-Penn Joint, SCW :
Investments, Inc., South Allegheny   :
School District, Rayco Saunders     :
                                           :
Appeal of:  Rayco Saunders       :

## **ORDER**

AND NOW, this 31st day of March, 2022, the order of the Court of Common Pleas of Allegheny County (trial court) dated January 27, 2020, is AFFIRMED on the basis of the trial court's opinion in *Allegheny County v. Saunders* (C.C.P. Allegheny Cnty., No. GD-17-012929, filed December 28, 2020).  Rayco Saunders' application for relief seeking declaratory judgment is DENIED.

_____
MARY HANNAH LEAVITT, President Judge Emerita